**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

James H.,

Plaintiff,

vs.

Frank Bisignano, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-01689-MDC

**ORDER DENYING PLAINTIFF'S REQUESTED RELIEF (ECF NO. 17) AND AFFIRMING THE ADMINSTRATIVE LAW JUDGE**

This matter involves plaintiff James H.'s request to reverse and remand the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Plaintiff filed his brief (ECF No. 17) and defendant Commissioner of Social Security filed an opposition brief (ECF No. 21). The Court **DENIES** plaintiff's requested relief and **AFFIRMS** the ALJ's decision for the reasons below.

## I. BACKGROUND

This case arises under the Social Security Act, Titles II and XVI. On February 12, 2019, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability commencing on July 3, 2017. Administrative Record ("AR") 590-591. The Commissioner denied plaintiff's claim by initial determination on May 7, 2019. AR 96-97. Plaintiff sought reconsideration of that determination, which the Commissioner denied on July 25, 2019. AR 164-165. Plaintiff then requested a *de novo* hearing before an administrative law judge ("ALJ") on August 7, 2019. AR 169. ALJ Christopher Daniels conducted a hearing on June 17, 2021 (AR 82-95) and issued an unfavorable decision on July 19, 2021, concluding that plaintiff was not "disabled" under the Social Security Act. AR 166-187.

Plaintiff requested review of the ALJ's decision to the Appeal Council on September 22, 2021. AR 333-335. On August 18, 2022, the Council granted his request and remanded the matter back to the

ALJ to (1) give further consideration to the claimant's maximum residual functional capacity ("RFC") and (2) to provide clarifying supplemental evidence from a vocational expert regarding what position in the national economy the plaintiff would be able to perform. AR 188-194. ALJ Daniels conducted a remanded hearing on April 6, 2023 and returned a fully favorable decision on May 6, 2023, after reconsidering the elements the appeals council brought attention to. AR 195-211.

On June 29, 2023, the Appeals Council on its own motion reviewed the ALJ's favorable decision, vacating and remanding it back for further proceedings. AR 212-221. ALJ Arthur Zeidman presided over the remanded hearing and conducted a telephonic hearing on August 6, 2024 (AR 54-81) and issued an unfavorable decision on September 16, 2024, concluding that plaintiff was not disabled. AR 14-43. Plaintiff filed another request with the Appeals Council on October 11, 2024. AR 587-88. The Council denied plaintiffs request (AR 1-3) on July 10, 2025, stating "we have denied your request for review… the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case." AR 1; *see* 42 U.S.C. § 405(h).

Per 42 U.S.C. § 1383(c), plaintiff now seeks judicial review from this Court on the sole grounds that the ALJ improperly rejected his subjective symptom testimony regarding his "anger and isolation symptoms." *ECF No. 17* at 5.

## II. DISCUSSION

### A. Standard of Review

The Court has jurisdiction to review the final decision of the Commissioner for substantial evidence and error of law. 42 U.S.C. § 1383(c). The Fifth Amendment prohibits the government from depriving persons of property without the due process of law. *U.S. Const. amend. V*. Social Security plaintiffs have a constitutionally protected property interest in Social Security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the

Commissioner of Social Security renders a final decision denying benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting 42 U.S.C. § 405(g)). Substantial evidence is defined as "more than a mere scintilla" of evidence*.* *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (defining what a mere scintilla of evidence is).

The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (citation omitted); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B. The Social Security Five-Step Sequential Inquiry**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant to Social Security benefits is disabled if his physical or mental impairment(s) are so severe that he could not do his previous work or any other substantially gainful work existing in the national economy when considering his age, education, and work experience. *See* 42 U.S.C. § 1382c(a)(3)(B). The Social Security Commissioner has a five-step process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v.*

*Yuckert*, 482 U.S. 137, 140-41 (1987). The claimant has the burden of proof for steps one through four and if the claimant can satisfy the burden for each step, the burden shifts to the Commissioner for step five. *Ford v. Saul*, 950 F.3d 1141, 1148-1149 (9th Cir. 2020). The steps are followed in order and if the claimant is found not disabled at any step, the inquiry ends.

In the first step, the claimant must establish that he does not engage in "substantial gainful activity." *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the Commissioner considers whether the claimant has an impairment or combination of impairments are "severe" and significantly limit the claimant's physical or mental ability to do basic work activities. §§ 20 C.F.R. §§ 404.1520(a)(4)(ii)&(c), 416.920(a)(4)(ii)&(c). In the third step, the Commissioner determines whether the claimant's impairments meet or are the equivalent of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 which are presumably sufficient to preclude gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii)&(d), 404.1525(a), 416.920(a)(4)(iii)&(d), and 416.925(a). If the claimant's impairment meets or equals one of the listed impairments, and is of sufficient duration, he is conclusively presumed disabled. §§ 404.1520(a)(4)(iii)& (d), 416.920(a)(4)(iii)& (d). If the claimant's impairment is severe but does not meet or equal one of the listed impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f), 416.920(a)(4)(iv), (e), (f). For claims filed and pending before June 22, 2024, past relevant work is work that the claimant performed in the last 15 years that lasted long enough for him to learn to do it and was substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.920(a). For claims filed and pending after June 22, 2024, past relevant work is work that the claimant performed in the last 5 years that lasted long enough for him to learn to do it and was substantial gainful activity. *See Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work*, 89 Fed. Reg. 27,653 (Apr. 18, 2024); *Intermediate*

*Improvement to the Disability Adjudication Process, Including How We Consider Past Work; Deferral of Effective Date*, 89 Fed. Reg. 48,138 (June 5, 2024). In making this determination, the Commissioner assesses the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work previously performed. *See* §§ 404.1565(a), 416.920(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitations and medical reports, to determine what capacity he has for work. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

The claimant can return to previous work if he can perform the "actual functional demands and job duties of a particular past relevant job," or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Berry*, 622 F.3d at 1231.

If the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e). This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether he can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a Vocational Expert or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he is found to be not disabled. 20 C.F.R. §§ 404.1566(b), 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, then he is found disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

**C. The ALJ Properly Rejected Plaintiff's Subjective Symptom Testimony**

Plaintiff's issue concerns the fourth step in the sequential analysis. Here, the ALJ found that, given plaintiff's age, education, work experience, and residual functional capacity, plaintiff can still perform several positions within the national economy. AR 41. In considering this step, the ALJ relevantly rejected plaintiff's subjective symptom testimony regarding his anger symptoms. AR 40. Plaintiff argues that reversal and remand is required because the ALJ did not identify specific, clear and convincing reasons for rejecting plaintiff's testimony about the severity of his anger and isolation symptoms.

While plaintiff states that the ALJ improperly rejected his "anger and isolation symptom[ testimony]" (ECF No. 17 at 5), plaintiff does not address any specific "isolation symptoms" in his brief and the ALJ did not mention any such symptoms. Plaintiff instead argues that the ALJ improperly rejected his testimony regarding his anger symptoms and his inability to work given his social isolation in the small town where he was known for his anger. *See ECF No. 17* at 10. The Court is not persuaded by plaintiff's claims of error and finds the ALJ sufficiently identified specific, clear and convincing reasons for rejecting plaintiff's testimony.

**i. Legal Standards**

Social Security regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ is not required to believe every allegation of disabling [symptoms], or else disability benefits would be available for the asking, a result plainly

contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (cleaned up). Thus, where the claimant has provided objective medical evidence of an impairment that could reasonably produce the alleged symptoms, the ALJ evaluates the alleged intensity and persistence of the symptoms by assessing their consistency with (1) the objective medical evidence and (2) the other evidence in the record. *See 20 C.F.R. § 404.1529(c)(2)-(4); Social Security Ruling (SSR) 16-3p*, available at 2017 WL 5180304; *see also Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) ("First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.")

A claimant is "not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014. (emphasis omitted) (citation omitted). A complaint need not produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.* (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (citation omitted); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) ("specific, clear and convincing" are required to reject subjective testimony about the severity of symptoms). While the "clear and convincing standard is the most demanding required in Social Security cases" (*Garrison*, 759 F.3d at 1015), ALJ meets such standard by "showing" his or her work. *Smartt*, 53 F.4th at 499. An ALJ may show her work by identifying specific testimony of the plaintiff and explain what evidence undermines that testimony. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citations omitted). The standard for reviewing the ALJ's analysis "isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499

//

**ii. Analysis**

Here, the ALJ did not find evidence of plaintiff malingering and the ALJ found that Plaintiff suffered from severe mental impairments. AR 21. Thus, the issue raised by plaintiff is whether the ALJ offered specific, clear and convincing reasons for rejecting his anger and isolation subjective testimony, which the Court finds the ALJ did. The ALJ identified specific testimony of the plaintiff and explained the medical evidence undermining that testimony clearly enough to convince this Court.

The ALJ identified specific testimony by plaintiff. Among other things, the ALJ stated that plaintiff testified:

- He lives alone.
- He took care of his elderly grandmother while she was ill.
- He has difficulty getting along with others and, as a result, only goes out two times a week.
- He does not handle stress or changes in his routine well.
- He has difficulty finding work in his town because employers are aware of his anger management impairment.
- He has severe panic attacks.
- He rarely spends time with others.
- He has difficulty concentrating for more than 30 minutes.
- He stopped taking psychiatric medication because his prescription was cancelled after he lost his wallet.
- He plays cards with others and regularly attends church on Sundays.
- He does not have any difficulties with following written and spoken directions.
- He can take care of his personal needs, including taking care of his pets, preparing meals, doing household and yard work, and managing his own money.

AR 25-28, 35.

The ALJ rejected plaintiff's testimony, summarizing that his "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…" AR 33. The ALJ then offered a meaningful discussion of such medical evidence and treatment. The ALJ discussed the

medical records and findings by medical professionals, Drs. Farber, Wright, Amezaga, Ramsey, Ostrow, Peterson and APRN Collins, which undermined plaintiff's subjective testimony. Among the ALJ's developed discussion of those medical records and findings, the ALJ identified that:

- Plaintiff has a history of diagnosed mental health conditions.
- Plaintiff can participate in physical activity with no significant limitation.[1]
- Plaintiffs' primary barrier to finding employment is his lack of a car.
- Plaintiff can engage in goal-creation alongside medical experts and can carry out the necessary steps to fulfill those goals.
- Medical providers observed plaintiff's thought processes as linear and goal directed.
- Plaintiff has a significant gap in psychiatric treatment despite being a Medicaid recipient and not having any barriers to obtaining treatment.
- At recent medical visits, Plaintiff reported no depression or sleep disturbance.
- Several treatment records note good judgement and normal mood and affect.
- A Mini-Mental Status Examination, administered by Dr. Ramsey, was not indicative of any cognitive impairment.
- Dr. Peterson's and APRN Collin's testimony was found to be unpersuasive because it did not align with the objective medical evidence or plaintiff's subjective testimony.

AR 25-28, 35, 38-39.

The ALJ thus identified, discussed and elaborated sufficient medical evidence to show his work and be convincing to reject plaintiff's testimony regarding his anger symptoms. "[T]he ALJ is not required to discuss every piece of evidence in the record when reaching his conclusions[.]" *M.A.G. by the Through Basso v. Kijakzi*, No. 2:23-cv-01595-EJY, 2024 WL 1695114, at *5 (D. Nev. April 18, 2024) (citation omitted). Therefore, the ALJ does not need to "draft dissertations when denying

---

[1] Plaintiff argues that it is improper for the ALJ to partly rely on physical allegations and symptoms to reject his testimony regarding his "anger and social isolation symptoms[.]" *ECF No. 17* at 9. The ALJ's use of such evidence was reasonable to support rejecting plaintiff's testimony regarding his mental symptoms. The ALJ also otherwise outlined medical evidence regarding plaintiff's mental health to clearly and convincingly support rejecting plaintiff's testimony. Further, plaintiff cites no legal authorities stating that an ALJ cannot use such evidence and the Court finds none.

benefits." *Lambert*, 980 F.3d at 1277.[2] "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1161 (9th Cir. 2008). Moreover, the ALJ identified other evidence from plaintiff contradicting his subjective testimony. (AR 26 (finding that Plaintiff frequently attends church and plays card games with others)) and found that plaintiff has a significant gap in psychiatric treatment despite not having any barriers to obtain treatment. AR 35, 38. In rejecting a claimant's subjective symptom testimony, the ALJ may consider and weigh against claimant a failure to seek treatment. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated") (internal citations omitted).

Regarding plaintiff isolation testimony regarding his difficulty working in the small town he lives in due to anger issues, the ALJ identified contradicting medical notes where plaintiff reported that lack of a car is his primary barrier to finding employment. *See* AR 31. Therefore, the ALJ also gave clear and convincing reasons to find such testimony unpersuasive. *See Carmickle*, 533 F.3d at 1161.

Accordingly, the Court finds the ALJ met the "clear and convincing standard" in this matter to reject plaintiff's subjective testimony regarding his anger and isolation.

---

[2] The Court thus also rejects plaintiff's argument that the ALJ did not review the record regarding plaintiff's prior hearings and that it is problematic that the 2023 prior hearing transcript containing his testimony is not in the administrative record. *See ECF No. 17* at 12. Parties subsequently held a 2024 hearing where plaintiff also testified regarding his mental health symptoms, which the ALJ referred to while detailing the medical records and evidence regarding plaintiff's mental health. Plaintiff fails to show that the 2023 prior hearing had any new evidence necessary for effective judicial review of this case. *See Andres v. Bowen*, 870 F.2d 453, 455-56 (8th Cir. 1989) (affirming denial of benefits despite incomplete hearing transcript because there was no indication that the missing parts of the transcript would aid the plaintiff or that its absence prevented a fair judicial review).

## III. CONCLUSION & ORDER

For the foregoing reasons, the Court finds that the ALJ stated specific, clear and convincing reasons for rejecting plaintiff's subjective symptom testimony regarding his anger and isolation.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's requested relief in his Brief (ECF No. 17) **DENIED**.
2. Commissioner's Brief (ECF No. 21) requesting to affirm is **GRANTED**.
3. The Clerk of Court is directed to enter final judgment **AFFIRMING** the decision of the Administrative Law Judge.
4. The Clerk of Court shall **CLOSE** this case.

DATED: August 17, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge